FARMER, Judge.
In still another appearance of this case before this court, petitioner seeks certiorari review of an order requiring that he join in his ex-wife’s petition to a Pakistani court seeking that their son be allowed to travel to the United States for a thirty day visit with the child’s mother.[1] Briefly, the *614 mother was awarded custody of their minor child in a divorce, but petitioner had already taken the child to his native land, Pakistan, where the child’s grandmother currently has the child under a decree of a Pakistani court. The trial judge found petitioner in contempt for placing the child beyond the court’s power and to avoid compliance with its decree.
After two and one-half years in jail, we ordered the judge to hold an evidentiary hearing on whether continued incarceration would serve any coercive purpose. Bashir v. Bache, 557 So.2d 628 (Fla. 4th DCA 1990). The judge held a hearing, and released petitioner with instructions to travel to Pakistan and make a good faith effort to have his child returned to this country for a one-month visit with the mother. Petitioner did so, but filed an affidavit swearing failure despite “honest and vigorous” attempts. A Pakistani attorney also swore that he tried his best, but the grandmother will not relent.
At a hearing on February 28, 1991, petitioner appeared personally by telephone from Pakistan and was also represented by counsel. At issue was the mother’s motion to reimpose sanctions such as jail for the continued absence of her child. The trial judge spoke directly to petitioner on the telephone, and his attorney argued on his behalf. Instead of returning him to jail, the judge decided on the alternative of having petitioner join with the mother in a petition to a Pakistani court to allow the child to come here for a visit with the mother. The transcript clearly shows that petitioner — and, indeed, all parties — agreed to that approach. Petitioner apparently now seeks to relieve himself of the Damo-clean sword of future incarceration if his efforts prove to be in bad faith, while ostensibly attacking the judge’s remedy as an attempt to act “extraterritorially”.
We deny the petition for certiorari review of the March 11, 1991 order. Enjoining a litigant properly before the court to perform (or not to perform) an act outside the territorial jurisdiction is not an example of a judge acting “extraterritorially” — whatever that means. It is a traditional use by the chancellor of equitable powers with a long pedigree.
The illustration which comes most quickly to mind is where the chancellor directs one of the parties already before him, and who happens to be engaged also in a suit in a foreign jurisdiction, to perform specified acts in that distant forum because they affect or concern the subject of the pending litigation over which he does have jurisdiction. In this case we cannot help noting that the child is in the foreign jurisdiction, Pakistan, only because petitioner took the child there, thereby making himself unable to comply with the final decree. We also note that petitioner, a native of Pakistan, is no stranger to Pakistani courts, having previously petitioned its court himself for custody of the minor child.
If the March 11th order is a hybrid, so too is this entire case. Surely we acknowledged as much when it was last here by ordering the judge to hold a new hearing to determine if continued incarceration had a reasonable possibility of producing a coercive effect. The judge has implicitly determined that for now it does not, as he has released petitioner from jail. On the other hand, he expressly told the parties at the last hearing that he is not yet prepared to rule out incarceration entirely. Because the trial judge has not yet exhausted his arsenal of remedies to coerce compliance with his custody/visitation decree, we certainly would not presume to discharge petitioner from the contempt finding.
The chancellor has traditionally been given broad powers to fashion an equitable decree and to enforce his decrees once entered. This judge has been faced with circumstances challenging the ingenuity of Solomon. He has now chosen to require the contumacious party to undertake what appears to us to be a quite innocuous task — simply join in petitioning a foreign *615 court for relief which would allow the child to come to the United States so that the mother can at least have some visitation, custody having been wrenched from her by petitioner’s conduct.
We find nothing in the record brought us by petitioner suggesting, much less proving, an abuse of the judge’s wide discretion. We certainly find no evidence, as distinguished from his lawyer’s argument, establishing that petitioner will suffer any detriment from merely joining in a petition before the Pakistani court.[2] Indeed the “detriment” argued by petitioner borders on the frivolous and is plainly unsupported by any evidence.
We deny certiorari to allow the chancellor’s remedy a chance to work.
ANSTEAD and GLICKSTEIN, JJ., concur.

. Technically the order required petitioner, himself, to ask the Pakistani court for his own visitation, rather than merely joining in the mother’s request. The transcript of the hearing *614 makes absolutely beyond dispute that the judge really intended that he be required only to join in the mother’s petition to the Pakistani court. We so construe the order and modify it to require simply that he assist the mother’s attempt at visitation, not petition for his own.

. Aside from the fact that there is absolutely no evidence in the record showing how long “diligent” pursuit of the new Pakistani petition for foreign travel might take, the assumed fact that ' petitioner might thereby lose his resident alien status in this country is too conjectural. Moreover, the argument entirely overlooks the fact that such a loss is a reasonably foreseeable consequence of petitioner fleeing to the country of his birth simply to avoid complying with the lawful decree of an American court. We are most unwilling to allow the foreseeable consequences of voluntary conduct to excuse otherwise proper punishment for such conduct.